UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHAEL PLUMMER,<br><br>    Plaintiff,<br><br>        v.<br><br>SAFEWAY, INC.,<br><br>    Defendant. | Civil Action No. 12-0969 (JDB) |

## MEMORANDUM OPINION

Plaintiff Michael Plummer, proceeding pro se, brings this action against defendant Safeway, Inc., alleging violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII"), and the District of Columbia Human Rights Act, D.C. Code § 2-1402.11(a)(1) ("DCHRA"). Plummer contends that Safeway discriminated against him by failing to promote him on the basis of his race and retaliated against him by subsequently failing to promote him due to his Equal Employment Opportunity Commission ("EEOC") activity. Plummer also brings claims under District of Columbia law alleging civil conspiracy to defraud, aiding and abetting fraud, fraudulent misrepresentations, unfair and deceptive trade practices, unjust enrichment, breach of duty, breach of good faith and fair dealing, negligence, emotional distress, and violation of the District of Columbia Consumer Protection Procedures Act, D.C. Code § 28-3901 et seq. ("DCCPPA"). Before the Court is Safeway's motion to dismiss all of Plummer's claims for failure to state a claim upon which relief can be granted. For the reasons discussed below, Safeway's motion will be granted in part and denied in part.

## BACKGROUND

Plummer, an African American male, was hired as a Second Assistant Manager at

Safeway in September 2008. See Am. Compl. [ECF 1] at 3. Plummer's complaint[1] alleges that he was discriminated and retaliated against, id. at 1, 3, but it gives no specific facts to support these claims.

However, the following set of facts can be gleaned from Plummer's opposition to the motion to dismiss. Sometime in 2008 Plummer applied for the Retail Leadership Development ("RLD") program. On December 23, 2008, he received a letter from Safeway notifying him that he had passed the first hurdle in the RLD selection process. See Pl.'s Opp'n to Def.'s Mot. to Dismiss [ECF 6] ("Pl.'s Opp'n") at 20. The letter outlined the next steps in the selection process, which were based on three evaluation factors. See id. Plummer was ultimately rejected from the program in March 2009. See id. at 29.

In November 2009, Plummer sent emails to various Safeway employees inquiring about possible promotions and lateral positions, including multiple field merchandiser positions. See id. at 21-22. He applied for a Non-Perishable Field Merchandiser position and was notified on December 8, 2009 that he had not been selected. See id. at 42. Plummer also applied for a Deli Field Merchandiser position and was rejected from that as well. See id. at 29. Craig Hanning, Plummer's manager, told Plummer that he did not have the basic qualifications for the position. Plummer disputes this, claiming that he did have the requisite qualifications based on his education and prior retail experience. See id. Plummer applied to the RLD program again in 2009, but was again rejected because of his purported lack of retail experience. See id.

On December 30, 2009, Plummer sent a letter to the EEOC. See id. at 29. The letter accused Hanning of violating Safeway's equal opportunity promotion and hiring policies. The letter also asserted that Safeway stores in Plummer's district recruited African Americans as

---

[1] References to Plummer's "complaint" in this opinion are to his amended complaint.

2

Assistant Managers, but only selected white employees to be Store Managers. See id. Plummer attended an EEOC mediation meeting in April 2010. See id. at 32.

In mid-2010, Plummer applied for another Deli Field Merchandiser position and was again not selected for the promotion. See id. at 35. The September 2010 letter notifying Plummer of his non-promotion explained that he did not receive a minimum passing score in each of the four areas required for that position. See id. Plummer contends that this 2010 failure to promote was retaliation for his prior 2009 EEOC filings. See id. at 1. In December 2011, Plummer submitted an Investigation Response to the EEOC referencing his ongoing case and reiterating his concerns about Safeway's allegedly discriminatory promotion practice, calling it a "glass ceiling." See id. at 39. The response detailed the racial breakdown of Safeway Store Managers and Assistant Managers in Plummer's district. See id. According to an October 2010 directory, all but one of the seventeen Store Managers in Plummer's district were white (the remaining individual was labeled as "other"); in contrast, of the thirty-four Assistant Managers, eighteen were African American, seven were white, four were Hispanic, three were Asian, and two were labeled as "other." See id.

Plummer asserts that he exhausted his administrative remedies through his 2009 and 2010 EEOC actions, see Am. Compl. at 2, and Safeway does not suggest otherwise. Plummer commenced a civil action in the Superior Court for the District of Columbia on March 27, 2012; he filed an amended complaint on May 15. Safeway then filed a notice of removal to this Court, which was granted on June 14, 2012. Safeway now moves to dismiss all of Plummer's claims for failure to state a claim upon which relief can be granted. See Fed. R. Civ. P. 12(b)(6).

## STANDARD OF REVIEW

To survive a Rule 12(b)(6) motion to dismiss, the Federal Rules of Civil Procedure require only that a complaint contain "'a short and plain statement of the claim showing that the

pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)); accord Erickson v. Pardus, 551 U.S. 89, 93 (2007) (per curiam). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with allegations in the complaint." Twombly, 550 U.S. at 563. Under the standard set forth in Twombly, a "court deciding a motion to dismiss must . . . assume all the allegations in the complaint are true (even if doubtful in fact) . . . [and] must give the plaintiff the benefit of all reasonable inferences derived from the facts alleged." Aktieselskabet AF 21. November 2001 v. Fame Jeans, Inc., 525 F.3d 8, 18 (D.C. Cir. 2008) (internal quotation marks and citations omitted).

But the Court does not accept as true inferences that are unsupported by the facts set out in the complaint. Trudeau v. Fed. Trade Comm'n, 456 F.3d 178, 193 (D.C. Cir. 2006) (quoting Papasan v. Allain, 478 U.S. 265, 286 (1986)). Nor does the Court accept "a legal conclusion couched as a factual allegation," or "naked assertions [of unlawful misconduct] devoid of further factual enhancement." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); see also Aktieselskabet, 525 F.3d at 17 n.4. Although "detailed factual allegations" are not necessary to withstand a Rule 12(b)(6) motion to dismiss, this pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me-accusation." Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555).

A complaint survives a motion under Rule 12(b)(6) only if it "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570); accord Atherton v. D.C. Office of the Mayor, 567 F.3d 672, 681 (D.C. Cir. 2009). A complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged." Iqbal, 556 U.S. at 678. But "[a] complaint alleging facts which are merely consistent with a defendant's liability . . . stops short of the line between possibility and plausibility of entitlement to relief." Id. (citing Twombly, 550 U.S. at 557) (internal quotation marks omitted). While pro se complaints are liberally construed, even a pro se plaintiff "must plead factual matter that permits the court to infer more than the mere possibility of misconduct." Atherton, 567 F.3d at 681-82 (quoting Iqbal, 556 U.S. at 678).

## DISCUSSION

When ruling on a motion to dismiss, the Court "may consider only the facts alleged in the complaint, any documents either attached to or incorporated in the complaint and matters of which [a court] may take judicial notice." EEOC v. St. Francis Xavier Parochial Sch., 117 F.3d 621, 624 (D.C. Cir. 1997); see also Ahuja v. Detica Inc., 742 F. Supp. 2d 96, 101-02 (D.D.C. 2010) (noting that a court may consider an EEOC Notice of Charge on a motion to dismiss because such records are "public document[s] of which a court may take judicial notice").

The Court is mindful that it must review complaints submitted by plaintiffs proceeding pro se under "less stringent standards than formal pleadings drafted by lawyers." Hilska v. Jones, 217 F.R.D. 16, 21 (D.D.C. 2003) (citing Haines v. Kerner, 404 U.S. 519, 520 (1972)); see also Erickson, 551 U.S. at 94 (citing Fed. R. Civ. P. 8(f) ("All pleadings shall be so construed as to do substantial justice.")). For this reason, the Court may examine "other pleadings to understand the nature and basis of [a plaintiff's] pro se claims" as alleged in his complaint. Chandler v. W.E. Welch & Assocs., 533 F. Supp. 2d 94, 102 (D.D.C. 2008) (quoting Gray v. Poole, 275 F.3d 1113, 1115 (D.C. Cir. 2002)).

In support of each of Plummer's claims, his complaint states that he has suffered financial losses and "substantial injury and harm to his health as a proximate result of defendant's discriminatory practices as averred in his EEOC Charge No 570-2010-01708," or

words to that effect. See Am. Compl. at 2-7. The majority of his claims offer no further information, and the remainder merely recite additional legal conclusions. Although his complaint incorporates by reference his EEOC Charge, No. 570-2010-01708, see Am. Compl. 3-7, Plummer does not attach his EEOC complaint to his filings. However, he does attach various documents to his opposition, including communications with EEOC officials. See, e.g., Pl.'s Opp'n at 29-30 (December 2009 letter to EEOC officials); id. at 39 (December 2011 Investigation Response to EEOC). But many of these documents are not clearly labeled or dated and hence their significance is unclear. See id. at 13-14, 43.

## I. Employment Discrimination Claims

Plummer's present complaint provides insufficient factual information to support his claims of discrimination and retaliation in violation of Title VII and the DCHRA (Count VII). It alleges only that he suffered harm as a "result of defendant's discriminatory and retaliatory practices as averred in his EEOC Charge No. 570-2010-01708." Am. Compl. at 6. These are "legal conclusions cast in the form of factual allegations," which the Court does not accept. Kowal v. MCI Commc'ns Corp., 16 F.3d 1271, 1276 (D.C. Cir. 1994).

"[A] complaint [does not] suffice if it tenders naked assertions devoid of further factual enhancement." Iqbal, 556 U.S. at 678 (internal quotations omitted). In the employment discrimination context, pleadings have sufficient "factual heft" when they allege that a plaintiff suffered an adverse employment action because of his race, color, religion, sex, or national origin. See Bryant v. Pepco, 730 F. Supp. 2d 25, 29-30 (D.D.C. 2010). To plead a claim of unlawful retaliation, an employee must allege facts showing that he engaged in a protected activity, such as filing an EEOC complaint, and that his employer took a materially adverse action against him because of that activity. See Taylor v. Solis, 571 F.3d 1313, 1320 (D.C. Cir. 2009).

Although Plummer's complaint alleges only generic discrimination and retaliation claims and does not provide context to support those claims, his opposition offers some clarifying factual detail. In it Plummer alleges that Safeway discriminated against him by failing to promote him beyond Assistant Manager because of his race. See Pl.'s Opp'n at 1, 29, 39. It is well-established that a "failure to promote is an 'adverse action'" in the employment discrimination context. Williams v. Dodaro, 576 F. Supp. 2d 72, 84 (D.D.C. 2008) (citing Burlington Indus., Inc. v. Ellerth, 524 U.S. 742, 761 (1998)). Plummer's opposition also contends that Safeway failed to promote him on subsequent occasions in retaliation for his EEOC activity. See Pl.'s Opp'n at 1. Such factual allegations, if properly pled, could support a claim of retaliation. See Edwards v. EPA, 456 F. Supp. 2d 72, 89-90 (D.D.C. 2006). Viewing all the facts and inferences in the light most favorable to the pro se plaintiff, the Court finds that Plummer may be able to plead sufficient Title VII and DCHRA discrimination and retaliation claims. EEOC documents attached to his opposition offer insight into the nature of those claims and provide facts that could support plausible claims for relief. See Pl.'s Opp'n at 29, 39.

Courts freely grant leave to amend a complaint when "justice so requires." Fed. R. Civ. P. 15(a)(2); see also Willoughby v. Potomac Elec. Power Co., 100 F.3d 999, 1003 (D.C. Cir. 1996); Carty v. Author Solutions, Inc., 789 F. Supp. 2d 131, 135 (D.D.C. 2011). A court may grant a party leave to amend a pleading to amplify or elaborate on a previously alleged claim. See Hisler v. Gallaudet Univ., 206 F.R.D. 11, 13 (D.D.C. 2002); Price v. Kelly, 847 F. Supp. 163, 164 n.1 (D.D.C. 1994) (stating that the court would grant the plaintiff leave to allege additional facts). Further, an added measure of leniency is extended to pro se litigants with regard to procedural requirements. See Moore v. Agency for Int'l Dev., 994 F.2d 874, 877 (D.C. Cir. 1993) (recognizing that courts freely grant pro se litigants leave to amend). Because Plummer is a pro se plaintiff and he sought to incorporate his EEOC charge into his complaint,

and because facts set forth in his opposition documents could support plausible discrimination and retaliation claims, the Court will deny Safeway's motion to dismiss those claims at this time. Plummer will be granted leave to amend the Title VII and DCHRA claims in Count VII of his complaint.[2]

## II. Other Claims

All of the remaining claims in Plummer's complaint are supported by mere conclusory allegations which fail to satisfy the pleading requirements of the Federal Rules of Civil Procedure and the precedent set in Iqbal and Twombly. Although Plummer clearly articulates a demand for damages, missing from his complaint are any factual allegations to support his claims. The complaint fails to describe the time, place, and circumstances of the alleged fraud, negligence, and conspiracy; it does not state any duty owed to Plummer that Safeway may have breached; and there is no apparent basis for the relief sought, among other deficiencies. Although "detailed factual allegations" are not necessary to withstand a Rule 12(b)(6) motion to dismiss, to provide the grounds for "entitle[ment] to relief," a plaintiff must furnish "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Twombly, 550 U.S. at 555-56. Indeed, Plummer's complaint is the type of pleading that Iqbal and Twombly intended

---

[2] Safeway argues that Plummer's DCHRA claims are time-barred because Plummer does not allege that he filed his EEOC Charge with the D.C. Office of Human Rights ("DCOHR"). See Def.'s Points & Authorities in Support of Mot. to Dismiss [ECF 3-1] ("Def.'s P&A") at 11. When a plaintiff files a charge of discrimination with the EEOC in the District of Columbia, a claim is automatically cross-filed with the DCOHR. See 29 C.F.R. § 1601.13(a)(4)(ii)(A). This tolls the DCHRA's statute of limitations while the complaint is pending. See D.C. Code § 2-1403.16(a); Ellis v. Georgetown Univ. Hosp., 631 F. Supp. 2d 71, 78 (D.D.C. 2009) ("[T]he timely filing of a charge with the EEOC, and the automatic cross-filing of a claim with the DCOHR that follows, is sufficient to toll the one-year statute of limitations for filing a claim under the DCHRA."). Because Plummer filed an EEOC complaint and Safeway does not allege that Plummer's Title VII discrimination and retaliation claims are time-barred, his DCHRA claims are not clearly time-barred and the Court will not dismiss them on that basis at this time. See 42 U.S.C. § 2000e (Title VII has a 90-day statute of limitations); D.C. Code § 2-1403.16 (the DCHRA has a one year statute of limitations).

to address. All of the claims in Counts I-VI and VIII-XI, and the DCCPPA claim in Count VII, fail to state a claim upon which relief can be granted.

Count I alleges a civil conspiracy to defraud, Count VI alleges a civil conspiracy, and Count III alleges a cause of action for aiding and abetting fraud. Am. Compl. at 3-6. These claims are not independently actionable in the absence of an underlying tort. See Nader v. Democratic Nat'l Comm., 567 F.3d 692, 697 (D.C. Cir. 2009). Plummer asserts no tortious action, but only that "defendants worked in consort and tandem" with its agents and employees "to commence the faction and scheme" against him and to defraud him, among other legal conclusions. Am. Compl. at 4, 6. To the extent that Plummer asserts that fraud is the underlying tort for these claims, he fails to state a claim for fraud because he alleges no facts whatsoever to suggest that Safeway defrauded or attempted to defraud him.[3] See Fort Lincoln Ass'n v. Fort Lincoln New Town Corp., 944 A.2d 1055, 1074 n.22 (D.C. 2008) (stating the elements of fraud, which include a false representation made with intent to deceive); see also Alicke v. MCI Commc'ns Corp., 111 F.3d 909, 912 (D.C. Cir. 1997). To the extent that these claims are based on a tort other than fraud, Plummer fails to state a valid claim for any tort. Because he does not allege an underlying tort, he has not met the requisite pleading requirements for the claims in Counts I, III, and VI. In addition, Plummer's conspiracy claims fail because he is only suing one defendant, Safeway, and a corporation cannot conspire with itself.[4] See Williams v. Fed. Nat'l

---

[3] Fraud must be particularly pleaded, meaning that a plaintiff must plead with "particularity matters such as the time, location and content of the alleged misrepresentations, the misrepresented facts, and what was gained or lost as a result of the fraud." Lee v. Bos, 874 F. Supp. 2d 3, 6-7 (D.D.C. 2012). Here, Plummer has not particularly pled any facts to support a claim for fraud.

[4] While Plummer may have been referring to multiple individuals at Safeway in his claims against "defendants," see, e.g., Am. Compl. at 4 ("Defendants by and through their affiliates, divisions, enterprises, representatives, employees and agents knowingly and willfully aided and abetted the fraudulent faction and scheme."), under the intracorporate conspiracy doctrine "a corporation cannot conspire with its employees, and its employees, when acting in the scope of

Mortg. Ass'n, No. 05-1483, 2006 WL 1774252, at *7 (D.D.C. June 26, 2006) (noting that a dispositive element of a civil conspiracy is an agreement between two or more persons).

Count II of Plummer's complaint alleges a cause of action for unfair and deceptive trade practices, and Count VII alleges an unspecified claim under the DCCPPA. Am. Compl. at 3-4, 6. Both require the presence of a consumer-merchant relationship. See Edmond v. Am. Educ. Servs., No. 10-0578, 2010 WL 4269129, at *4 (D.D.C. Oct. 28, 2010) (noting that claims for unfair and deceptive trade practices fall under the DCCPPA, which "has been interpreted to only supply consumers with a cause of action against merchants who provide them with goods or services"). Plummer does not assert a consumer-merchant relationship with Safeway, nor can one be inferred since Plummer is a Safeway employee and the only factual information in the record relates to his employee-employer relationship with Safeway. Because Plummer cannot bring a cause of action under the DCCPPA for claims arising exclusively out of his employment relationship, he fails to state a claim under the DCCPPA.

Count IV of Plummer's complaint alleges fraudulent misrepresentation. Am. Compl. at 5. However, it does not specify any misrepresentation, nor provide any facts to support an inference of fraudulent misrepresentation. It merely states, in conclusory fashion, that Plummer has suffered damages as a result of Safeway's "reckless, misleading actions, material omissions and material misrepresentations." Am. Compl. at 5. Because Plummer asserts mere legal conclusions, rather than facts, he fails to state a claim for fraudulent misrepresentation.

Count IV also alleges a cause of action for negligence, and Count IX alleges a breach of duty. Am Compl. at 5, 7. Both of these claims require "the existence of a duty owed by the defendant to the plaintiff." See N.O.L. v. District of Columbia, 674 A.2d 498, 499 n.2 (D.C.

---

their employment, cannot conspire among themselves." Exec. Sandwich Shoppe, Inc. v. Carr Realty Corp., 749 A.2d 724, 739 (D.C. 2000). Plummer does not allege that any Safeway

1995) ("Negligence is a breach of duty; if there is no duty, there can be no breach, and hence no negligence."). In support of these claims, Plummer alleges only that he suffered damages as a proximate result of Safeway's actions, among other legal conclusions. See Am. Compl. at 5, 7. He alleges no facts about what duty may have been breached, and thus these claims are insufficient.

Count V alleges a cause of action for unjust enrichment. Am. Compl. at 5-6. To support this claim, Plummer conclusorily states that Safeway cannot "retain the benefits from [its] wrongful, fraudulent, and illegal actions and the fruits obtained therefrom." See Am. Compl. at 5. However, he offers no facts to suggest that Safeway has retained some benefit that belongs to him. See McWilliams Ballard, Inc. v. Level 2 Dev., 697 F. Supp. 2d 101, 109 n.10 (D.D.C. 2010) (noting that to state a claim for unjust enrichment, a plaintiff must confer a benefit on defendant and defendant's retention of the benefit must be unjust). Hence, Plummer also fails to state a claim for unjust enrichment.

Count VIII makes a claim of strict liability, Count X alleges a breach of good faith and fair dealing, and Count XI asserts a cause of action for "mental anguish, emotional distress, and psychological trauma." Am. Compl. at 6-8. For each of these counts, Plummer alleges nothing beyond his boilerplate claim that he "suffered substantial injury and harm to his health as a proximate result of defendant's discriminatory practices." Id. at 6-7. He offers no facts whatsoever to support these claims, and thus he fails to state a claim for strict liability, breach of good faith and fair dealing, and emotional distress.[5]

---

representatives, employees, or agents acted outside the scope of their employment.

[5] Safeway also argues that Plummer's claims for negligence and emotional distress are barred by the District of Columbia Workers Compensation Act, D.C. Code § 32-1501 et seq. ("WCA"). See Def. P&A at 6-9, 14-15. The WCA provides the exclusive remedy for workplace injuries. See D.C. Code § 32-1504(a). Courts in this district have previously found that claims for negligence and emotional distress fall within the coverage of the WCA. See, e.g., Lockhart v.

**CONCLUSION**

For the foregoing reasons, Safeway's motion to dismiss will be granted in part and denied in part. All of the claims in Counts I-VI and VIII-XI, as well as the DCCPPA claim in Count VII, will be dismissed. Plummer's Title VII and D.C. Human Rights Act claims in Count VII will not be dismissed at this time. Because Plummer is a pro se plaintiff who sought to incorporate his EEOC charge into his complaint, and because documents attached to his opposition contain facts that could support plausible discrimination and retaliation claims, Plummer will be granted leave to amend the Title VII and DCHRA claims in Count VII of his complaint. Plummer shall have until April 22, 2013 to file a second amended complaint setting forth sufficient factual matter to support his Title VII and DCHRA claims. If Plummer does not make such a filing, those claims will be dismissed at that time. A separate order accompanies this memorandum opinion.

/s/
JOHN D. BATES
United States District Judge

Dated: March 30, 2013

---

Coastal Int'l Sec., Inc., No. 11-02264, 2012 WL 5873681, at *9 (D.D.C. Nov. 21, 2012). Moreover, any alleged injuries would be covered by the WCA because they "arose out of" and "occurred in the course of" his employment at Safeway. See D.C. Code § 32–1504(b); Hamilton v. Sanofi-Aventis U.S., Inc., 628 F. Supp. 2d 59, 64 n.3 (D.D.C. 2009) (holding that where a plaintiff's alleged injuries are "directly traceable" to conditions of employment, they fall under the WCA, even if the plaintiff claims the conditions were imposed because of discriminatory animus). Thus, Plummer's claims of negligence and emotional distress are barred by the WCA.